SEPTIMUS J. COOK *vs.* CHARLES DUVALL.—*June* 1851.

A prayer "that the jury must, upon the evidence if believed by them, find a verdict for the defendant," is too general. It does not disclose a specific point or proposition of law, to which the attention of the court was invited, and the decision of which would appear by the record on appeal to this court. This the policy and spirit, as well as the letter of the act of 1825, ch. 117, requires.

Where a party bound in a particular character to pay a debt, makes a promise to pay it, that promise does not enlarge the obligation so as to make him responsible in another right or character than that in which he was originally bound.

But if a man be indebted in *autre droit,* and in consideration of *forbearance,* to be granted him, assumes payment of such debt, he may bind himself *proprio jure.*

A debt due by the wife before marriage, was presented to the husband during coverture, who promised to pay it "if the plaintiff would wait a few days." HELD: That the plaintiff could recover against the husband on this promise, though the wife died before he brought his action.

APPEAL from *Prince George's* county court.

This was an action of *assumpsit* by the appellee against the appellant, to recover the amount of a medical account. Plea, *non-assumpsit* and issue. The services were rendered to *Juliet McGill,* her children and servants, whilst she was a *feme sole.*

EXCEPTION. The plaintiff offered in evidence his account, and then proved that the defendant intermarried with the said *Juliet,* after the accruing of said account against her, and further proved that during the coverture, the witness, at the request of the plaintiff, presented the account to the defendant for payment, who replied, that "he would settle the account, that he had no money at the time, and requested witness to say to the plaintiff, that if he would wait a few days, he would come to his, plaintiff's, house, and settle the account." The defendant then proved that said *Juliet* died before the institution of this suit, and prayed the court to instruct the jury that upon the foregoing evidence, if believed by them, they must find a verdict for the defendant, which the court, (CRAIN, A. J.,) refus-

ed to give, but instructed the jury that if they find that defendant, during the coverture, promised to pay the said account, "if the plaintiff would wait a few days," then they must find for the plaintiff, notwithstanding they may find that the defendant survived his wife, the said *Juliet.* Defendant excepted to the refusal to grant his prayer, and to the instruction as given, and the verdict and judgment being against him, he appealed.

The cause was argued before DORSEY, C. J., CHAMBERS, MARTIN and FRICK, J.

THOMAS F. BOWIE, for the appellant, contended that the court erred in its opinion, because upon the death of the wife, the account being against her, no right of action against the husband existed, notwithstanding an express promise to pay.

TUCK, for the appellee. insisted: 1st. That the prayer of the appellant was too general in its terms, and therefore properly rejected. 2nd. That the court were right in refusing said prayer; and in the instruction given, because the promise of the appellant to pay the account, entitled the appellee to a verdict, although the suit was instituted after the death of the wife.

CHAMBERS, J. delivered the opinion of this court.

The prayer of the defendant below was properly rejected by the court. Its general character did not disclose a specific point or proposition of law, to which the attention of the court was invited, and the decision of which would appear by the record on appeal to this court. This the policy and spirit, as well as the letter of the act of 1825, ch. 117, requires.

It was also properly rejected if the point ruled by the court in the instruction actually given, was rightly decided, and we think it was so.

The court place the case, not upon any obligation of the defendant arising out of his condition as the survivor of his wife, nor upon the fact that he had in general terms assumed the payment of the debt originally due from his wife.

It is certainly true, that where an individual being legally bound in a particular character to pay a debt, makes a promise to pay it, that promise does not enlarge the obligation by making him responsible in any other right or character than that in which he was originally bound. But it is equally true that if a man be indebted in *autre droit,* and in consideration of "forbearance," to be granted to him, assume payment of that debt, he may bind himself *proprio jure.* If when the defendant in this case was called upon for the payment of the account then due from him *jure uxoris,* he had expressed his readiness and willingness, and his intention to pay, the law would have regarded it as simply a recognition of his existing liability, and a promise to discharge it, without varying or enlarging the extent of his liability. But he did more, he proposed terms, upon which he assumed absolutely to pay. Such at least was the allegation, and proof had been offered *for the* purpose of sustaining it.

The law on this subject is well laid down by the *Lord Chief Baron Skynner,* speaking for the judges before the House of Lords, in the case of *Rann vs. Hughes,* 7 *Term Rep.,* 350.

It has been objected in the argument here, that the evidence of "forbearance," as the foundation of the promise was not sufficient. It had gone to the jury and without objection, and its sufficiency was a question for them. The language of the exception is loose and not very technical in stating the decision of the court, but we take the state of the facts to be, that the plaintiff had offered proof of the indebtedness of the wife before marriage, and of the marriage and promise as laid in the 4th count of the *nar,* and that the plaintiff did forbear to sue until two years and a half thereafter, as appeared by the writ. All the proof offered was assumed by the defendant's motion to be true, and when upon this assumption the court was asked to say the plaintiff could not sustain the suit, they say in effect, if the jury believe that the defendant assumed to pay the plaintiff in consideration of forbearance, promised and granted, then the death of the defendant's wife would not prevent the plaintiff from recovering. With regard to the character of forbear-

ance, the case of *Guy vs. Tams*, 6 *Gill*, 82, is a stronger case than the one before us.

JUDGMENT AFFIRMED WITH COSTS.